UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
TERRAINE SLIDE,

                    Petitioner,

     -against-

WILLIAM LEE, Superintendent, Eastern New York
Correctional Facility,

                    Respondent.
----------------------------------------------------------------X

FILED
CLERK
1/13/2016 2:30 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

**ORDER TO SHOW CAUSE**
15-CV-5354

**AZRACK, United States District Judge:**

On September 9, 2016, pro se petitioner Terraine Slide ("petitioner") filed a petition under 28 U.S.C. § 2254 for a writ of habeas corpus against William Lee, the superintendent of the correctional facility where he is incarcerated ("respondent"). (Pet., ECF No. 1.) On the same day, petitioner filed a motion to stay and hold his petition in abeyance so that he may exhaust his state remedies, specifically, his claim under CPL § 440.20, which he had previously filed on August 25, 2015. (Pet.'s Mot. to Set Aside Sentence, ECF No. 1, Ex. 14.) Also pending before the Court is petitioner's motion for leave to proceed in forma pauperis. (Mot. for Leave to Proceed In Forma Pauperis, ECF No. 2.)

The Court orders that, within thirty (30) days of this Order, the petitioner shall either (1) Show Cause why the Court should not dismiss his mixed petition in its entirety; or (2) alternatively, submit an amended petition omitting his unexhausted claim and proceeding with the exhausted claims. If the petitioner fails to respond, the Court may dismiss the petition without prejudice.

It is further ordered that, within fourteen (14) days of this Order, petitioner must notify the Court in writing of the status of his CPL § 440.20 proceeding and whether it is still pending.

Also, in the event that petitioner's CPL § 440.20 proceeding concludes after petitioner initially responds to this Order, he must inform the Court in writing within fourteen (14) days of when the proceeding concludes.

It is further ordered that the petitioner's motion to proceed in forma pauperis is granted.

## I. BACKGROUND

On August 6, 2008, petitioner was convicted by a jury of murder in the second degree, burglary in the first degree, and criminal possession of a weapon. N.Y. Penal Law § 125.25(3); N.Y. Penal Law § 140.30(1); N.Y. Penal Law § 265.03(3). (Pet. ¶¶ 2, 5−6.) In 2010, he successfully appealed this conviction to the Appellate Division, Second Department, which reversed on the law and remitted for a new trial. People v. Slide, 908 N.Y.S.2d 414, 416 (App. Div. 2d Dep't 2010). The court held that petitioner did not receive a fair trial and specifically found that although the jury "verdict of guilty was not against the weight of the evidence," the verdict was "the result of trial errors." Id. at 418. After the reversal, petitioner pled guilty to manslaughter in the first degree. N.Y. Penal Law § 125.20. (Pet. ¶¶ 14−15.) On September 6, 2011, he was sentenced to twenty-five years determinate sentence with five years of post-release supervision. (Pet. ¶ 12.) Petitioner appealed this guilty conviction, arguing that (1) it was error for the trial judge to fail to make sufficient inquiries as to defendant's guilt of manslaughter; and (2) that the sentence imposed was harsh and excessive. (Pet. ¶ 18.) The Appellate Division affirmed the conviction on January 29, 2014. People v. Slide, 978 N.Y.S.2d 901 (App. Div. 2d Dep't. 2014). The Court of Appeals denied leave to appeal on March 21, 2015. (Pet. ¶ 18.)

On May 12, 2015, petitioner moved to vacate his judgment of conviction pursuant to CPL § 440.10. (Pet., Ex. 3.) In his motion, petitioner argued that (1) his "guilty plea was rendered unknowing, unintelligent, and involuntarily [sic]" because he was denied the right to choose counsel; (2) he was "deprived of his constitutional right to effective assistance of counsel"; (3)

2

"he was unaware of counsel's potential conflicting interest"; and (4) "counsel failed to advise [him] of his constitutional right to counsel of his own choosing." (Pet. ¶ 21.) The Supreme Court of Suffolk County denied his motion on June 25, 2015. (Pet. ¶ 20.) However, while the CPL § 440.10 appeal was pending, on August 20, 2015, petitioner moved pursuant to CPL § 440.20 to set aside his sentence as illegal and unauthorized as a matter of law. (Pet., Ex. 14.) Then, on August 28, 2015, the Second Department denied his request to appeal the Supreme Court's determination on his CPL § 440.10 motion. (Pet., Ex. 13.)

Before this Court, the petitioner raises six grounds in support of his request for relief: (1) the trial judge failed to make sufficient inquiries into his guilt for manslaughter in the first degree; (2) the sentence imposed was harsh and excessive; (3) his guilty plea was rendered unknowing, unintelligent, and involuntary; (4) he was deprived effective assistance of counsel; (5) at the time of his plea, he was unaware of counsel's potential conflict of interest; and (6) counsel failed to advise petitioner of his constitutional right to counsel of his own choosing. All of these claims have been exhausted except for ground two.

## II. DISCUSSION

Generally, a petitioner must have exhausted all available state remedies before filing a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rose v. Lundy, 455 U.S. 509, 522 (1982). However, after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), courts revisited the appropriate disposition of mixed habeas petitions, which contain both exhausted and unexhausted claims. Zarvela v. Artuz, 254 F.3d 374, 380 (2d Cir. 2001). A district court faced with a mixed petition has four options: (1) deny the petition on the merits where the claims are clearly meritless; (2) allow a petitioner to omit the unexhausted claim and proceed with the exhausted claim; (3) dismiss the petition in its entirety without prejudice; or (4) under very limited circumstances, the court may "stay the petition and hold it in

abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims." Ortiz v. Heath, No. 10-CV-1492(KAM), 2011 WL 1331509 at *14 (E.D.N.Y. Apr. 6, 2011) (quoting Rhines v. Weber, 544 U.S. 269, 275 (2005)).

AEDPA places significant limits on a district court's discretion to stay a mixed habeas petition to allow the petitioner to exhaust all of his or her claims. Rhines, 544 U.S. at 276–77. A court may only issue a stay when: (1) petitioner has not engaged in any intentionally dilatory litigation tactics; (2) there is good cause for the petitioner's failure to exhaust the unexhausted claims in state court before bringing a federal habeas petition; and (3) the unexhausted claims are not "plainly meritless." Id. at 277.

Here, petitioner's only unexhausted claim is that the sentence imposed was harsh and excessive. When petitioner filed the instant application, the claim was already pending before the Supreme Court in Suffolk County (Pet., Ex. 14.) In his motion to stay the exhausted claims, petitioner did not provide any explanation or "good cause" for his failure to exhaust his state remedies prior to filing his petition, as required by Rhines.

Additionally, the Court does not believe a stay is necessary to preserve petitioner's rights when the AEDPA statute was tolled—and remains tolled—as of May 12, 2015.[1] However, the Court cautions the petitioner that upon final determination of his CPL § 440.20 proceeding, he will have very limited time remaining on his statute of limitations, should his current habeas petition be dismissed without prejudice. Therefore, it is ORDERED that

(1) Within thirty (30) days of this Order, petitioner shall either Show Cause why the
    Court should not dismiss his mixed petition in its entirety; or alternatively, the

---

[1] Under AEDPA, the one-year statute of limitations on the petition began to run on June 19, 2014, ninety days from March 21, 2014, when the Court of Appeals issued its denial. (Pet. ¶ 18.) The toll on the statute of limitations began on May 12, 2015, when petitioner filed his CPL § 440.10 proceeding. (Pet., Ex. 3.) Before the toll from his CPL § 440.10 proceeding concluded with denial of his appeal, he filed his CPL § 440.20 motion, which will continue the toll until that proceeding's ultimate conclusion. (Pet., Ex. 14.)

4

petitioner submit an amended petition omitting his unexhausted claim and proceeding with the exhausted claims. If the petitioner fails to respond, the Court may dismiss the petition without prejudice.

(2) Within fourteen (14) days of this Order, petitioner must notify the Court in writing of the status of his CPL § 440.20 proceeding and whether it is still pending. Also, in the event that petitioner's CPL § 440.20 proceeding concludes after petitioner initially responds to this Order, he must inform the Court in writing within fourteen (14) days of when the proceeding concludes.

Furthermore, the Court finds that petitioner's financial status, as set forth in petitioner's declaration, qualifies him to commence this action without prepayment of the filing fee. Accordingly, petitioner's application to proceed in forma pauperis is GRANTED. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444−45, 82 S. Ct. 917, 8 L. Ed 2d 21 (1962).

The Clerk of Court is directed to mail a copy of this Order to petitioner.

**SO ORDERED.**

Dated: January 13, 2016
Central Islip, New York

                                               /s/   (JMA)
                                               JOAN M. AZRACK
                                               UNITED STATES DISTRICT JUDGE